Angel Sosa, Plaintiff and Appellee, *v.* Heirs of Juan Morales Díaz, etc., Defendants and Appellants.

No. 8114.   Argued March 4, 1941.—Decided March 28, 1941.

*Mario Báez García,* for appellants.  *Pascasio Fajardo Martínez,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Angel Sosa owned a grocery store in Mayagüez, where Alejandro Rodríguez worked as a clerk. Rodríguez owed to Juan Morales Díaz the amount of $74.47 for groceries which the latter had sold him for a store which Rodríguez had owned before he was employed by Sosa. To collect his claim, Morales Díaz sued Sosa and Rodríguez in the Municipal Court of Mayagüez under the theory that they were partners. To secure the effectiveness of the judgment which he might obtain, on September 17, 1934, he attached Sosa's business, and as a consequence of the attachment all the stock was delivered to Morales Díaz as trustee, the business being closed. The municipal court rendered judgment against Rodríguez and adjudged the codefendant Sosa free from liability. Morales Díaz appealed to the district court and the latter, on March 11, 1935, rendered judgment similar to the municipal court, on the grounds that there was no "contractual relation" between Morales Díaz and Sosa. The case being remanded to the municipal court, the attached stock was returned to Sosa.

To claim the damages which he alleged to have suffered by reason of the attachment, Sosa filed this suit in the lower court on July 11, 1935, against the heirs of Juan Morales Díaz, who are his widow and legitimate children named in

the complaint. After amending said complaint twice, the case came to trial, and a judgment was issued for the plaintiff, ordering the defendants to pay to him jointly and severally the amount of $774.70, and costs but not attorney's fees.

The appellants argue that the complaint does not contain facts sufficient to constitute a cause of action. They maintain that it is insufficient because the damages claimed are not collectible because they are remote and speculative, inasmuch as according to the opinion rendered by the trial court, when Morales Díaz requested and obtained the attachment, he acted without malice and without the intention of causing damage to the heirs defendants and that according to the case of *Lowande* v. *Otero & Co. et al.,* 15 P.R.R. 181, in these cases only real damages can be claimed and not speculative damages.

The lower court, when it rendered the judgment appealed from, only considered the damages really caused, and completely discarded those which it classified as remote or speculative, as appears from the following paragraph of the opinion:

"By virtue of this conclusion at which the court has arrived, it understands that the defendants must not be ordered to pay speculative damages, such as the amount which the plaintiff claims he paid for the site of the store which was attached, accounts receivable which he did collect when the store was attached, loss of his credit by the defendant, attorney's fees paid in that proceeding, payment of the light and water bills and the wages of the clerk during the time the store was closed; the judgment must be limited to the damages really suffered by the plaintiff herein through the loss of the groceries and merchandise attached, and the income which he has failed to receive from his business, as the immediate and direct cause of the attachment during the six months which elapsed until the final judgment in the suit where the attachment was decreed, and the legal interest on said amounts." (J. R. page 46.)

The items of damages which the court classified as real, amount, according to the amended complaint, to the sum of

$1,350.90 excluding interest, which amount exceeds that which is necessary to confer jurisdiction to a district court.

Although under other section of their brief, the appellants maintain that the plaintiff has no cause of action against the defendants because the action exercised has a personal character, and the wrong-doer having died, the cause of action died with him, according to the maxim *actio personalis moritur cum persona.* The maxim cited is exclusively of the common law, and although this Court has always tended to acknowledge to the citizen the full benefit of both juridical systems—the Common Law and the Civil Law—until we create one which contains the best and most just of both, as was said in the case of *P. R. Ry. L. & P. Co.* v. *District Court,* 38 P.R.R. 305, however, we must hold that the principle embodied in the maxim—which we may say in passing is completely discredited in the common law jurisdiction—has never prevailed in the Civil Law, nor can it prevail because it is incompatible with the fundamental principle which holds that the heir is the continuation of the juridical personality of the deceased. The personal action which arose in favor of Sosa against Juan Morales Díaz was not extinguished with the death of the latter, who by legal fiction is still alive, as far as his rights and duties, in the persons of his heirs. To that effect, Section 610 and 603 of the Civil Code provide:

"Section 610.—Heirs succeed the deceased in all his rights and obligations by the mere fact of his death.

"Section 603.—The rights to the succession of a person are transmitted from the moment of his death."

See also the case of *P. R. Ry. L. & P. Co.* v. *District Court, supra,* those of *Pérez* v. *Succrs. of M. Pérez & Co.,* 41 P.R.R. 844, and *Gastón* v. *Heirs of Franceschi,* 43 P.R.R. 285. We grant that there are certain very personal rights which die together with the person, such as usufruct, use and habitation, and the life estate which the deceased was enjoying,

*patria potestas,* guardianship, etc., but those very personal rights die together with the person, not because the aforesaid maxim is applicable, but because of the limitation contained in the nature of the rights themselves.

■■ The appellants complain that the lower court denied their oral motion wherein they requested that the action be adjudged prescribed. Without it being understood that we sanction the incorrect practice of alleging defenses orally in proceedings before courts of record, as are the district courts, we must state that the lower court applied the law correctly in deciding that the term for the limitation of this class of actions begins to run when the judgment which decides the case in favor of the defendant is final or when the attachment which has been levied is annulled. From that moment and not before, the cause of action arises. See the recent case of *Martí* v. *Hernández,* 57 P.R.R._____. From March 11, 1935, when the judgment which ended the suit in favor of the defendant, plaintiff herein, until July 11 of the same year, when the original complaint in this suit was filed, the term of one year established by the law for the exercise of damage actions had not elapsed.

■ The appellants maintain that the lower court had no authority to allow the amendment to the complaint so as to include new defendants who did not appear in the original complaint and to correct the error which had taken place in alleging that Randolfo Morales, who had been sued as an heir, was also the judicial administrator of the estate, when in fact the administratrix was the widow Alejandrina Asencio, who from the first also appears as a defendant in her capacity as heir. The lower court did not err in allowing said amendments, because according to what Section 140 of the Code of Civil Procedure provides, ''the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding *by adding or striking out the name of any party,* or by correcting

a mistake in the name of a party, *or a mistake in any other respect,* and may, upon like terms, enlarge the time for answer or demurrer.'' (Italics supplied.)

The case of *Melón Hnos.* v. *Muñiz,* 47 P.R.R. 87, cited by the appellants, is not applicable. What was sought there was to *substitute the name of the only party defendant for another and completely different one,* which was equivalent to allow a suit different to the one created by the original complaint.

■ With the purpose of proving that there was no partnership whatsoever between Sosa and Rodríguez, the defendant presented in evidence in this case the municipal license (*patente*) which the Municipality of Mayagüez had issued in his name, where it appeared that Sosa's store was situated in another street than the one where it really was; but it having been proven by the testimony of witnesses which was not contradicted, that the only store that Sosa had ever had in Mayagüez was the one attached, the trial court did not err in admitting in evidence the license in question.

■ The lower court did not decide, as the appellants charge, that the sureties who gave bond for the issuance of the order of attachment had no liability for the damages caused. What the court very clearly decided upon the point was what follows:

''The defendants also allege, as a question of law, that in the present case the action exercised should have been established against the sureties of Juan Morales Díaz before the Municipal Court of Mayagüez to obtain the order of attachment against the plaintiff herein, Ángel Sosa, but both the sureties and the principal being liable on a bond for the security of the judgment if they severally have had the same responsibility, the person who suffers damages, in the opinion of the court has the option to recover those damages either from the sureties or the principal, especially when the plaintiff believes that the principal is sufficiently solvent to repay the damages caused without the need to include the sureties.''

■ The appellants tried to prove that Juan Morales Díaz constituted a partnership, of which he was the only partner and that at his death, said society continued business under the name of Juan Morales Díaz, Succrs. S. en C., the latter society being constituted by three of the children of Juan Morales Díaz. The appellants allege that this society, as a continuation of the first, is the one which should have been sued, and not the heirs of Juan Morales Díaz.

In truth we do not see how it can be seriously alleged without incurring in the most serious absurdity, that there exists a partnership, whether civil or commercial, with only one partner. The word "partnership" presupposes the existence of two or more partners, and it so results from Section 1556 of the Civil Code which defines it as follows:

"Partnership is a contract by which *two or more persons* bind themselves to contribute money, property or industry to a common fund, *with the intention of dividing the profits among themselves.*" (Italics supplied.)

To the same effect see Section 95 of the Code of Commerce.

■ Where the trial court did commit error was when it stated that the attached merchandise was worth $300 on the date of the attachment, and that giving to the stock returned when the attachment was dissolved, a value of $25, the defendant suffered a material loss of $275. This conclusion is clearly erroneous because both in the original complaint and in the two amended complaints which were filed successively the plaintiff alleged that the attached merchandise had a value of $170.90 and that when it was returned it had a value of $20.00, claiming for that reason the amount of $150.90. This being so, the court could not grant to the plaintiff an amount greater than the one claimed by him in the complaint, although in the trial he testified that his merchandise, on the date of the attachment was worth $300 or $400. In consequence, the judgment should have been ren-

dered for the amount of $510.90, that is, $150.90 for damages to the merchandise plus $360 for income failed to have been received during the twenty-four weeks that the store was closed, accepting the conclusion of the lower court that the plaintiff sold $100 weekly and that calculating an income of 20%, after deducting expenses it yielded a net income of $15 weekly.

■ The payment of interest from the date of the at-: tachment should not have been ordered, inasmuch as a liquid sum was not claimed as has been decided in the case of *Frías* v. *Berríos,* ante, page 138.

■ The trial court also erred in including the defendants Georgina and Rosalina Morales Asencio as heirs, inasmuch as according to the declaration of heirship presented by the plaintiff in evidence, these two persons were not declared heirs of Juan Morales Díaz.

For the above stated reasons, the judgment appealed from must be modified so that its conclusion reads as follows: judgment is given for the plaintiff in this case and all the defendants, with exception of Georgina and Rosalina Morales Asencio, are ordered to pay to the plaintiff jointly and severally, the amount of $510.90 with legal interest thereon from March 16, 1939, date when the judgment appealed from was rendered, with costs, not including attorney's fees, and so modified, it is affirmed.

Mr. Justice Travieso took no part in the decision of this case.